UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DEMPSEY,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

Case No. 24-cv-12176

Hon. Judith E. Levy

_____/

## STIPULATED ORDER REMANDING ACTION TO STATE COURT

PURSUANT TO THE STIPULATION OF THE PARTIES, Plaintiff Mark Dempsey ("Plaintiff), on the one hand, and Defendant Delta Air Lines, Inc. ("Delta"), on the other hand, as evidenced by the below signatures of their respective counsel, the parties hereby state:

WHEREAS, on or about July 25, 2024, Plaintiff commenced this action against Delta in the Wayne County (Michigan) Circuit Court, where it was assigned Case No. 24-010738-NO, and assigned to the Honorable Sheila A. Gibson (the "State Court Action");

WHEREAS, in the Complaint filed in the State Court Action, Plaintiff requested, in part, "that this Honorable Court award him damages against Defendant Delta Air Lines, Inc. in the amount of Seventy Thousand & 00/100 ($70,000.00) Dollars, plus, interest, costs and attorney fees" (ECF No. 1-2, PageID.21);

WHEREAS, on August 19, 2024, Delta filed its Notice of Removal, removing the State Court Action to this Court pursuant to 28 U.S.C. §§1332 and 1441 (ECF No. 1);[1]

WHEREAS, Plaintiff and Delta are diverse (ECF No. 1, PageID.10-11), and Delta stated that under the relevant Michigan Court Rule, Mich. Ct. R. 2.111(B)(2), Plaintiff was prohibited from pleading a specific amount in his personal injury claim (ECF No. 1, PageID. 7 (citing and quoting, *inter alia*, *Green v. Clark Refining & Marketing, Inc.*, 972 F. Supp. 423, 425 n.2 (E.D. Mich. 1997));

WHEREAS, based on a fair reading of Plaintiff's Complaint, Delta asserts in its Notice of Removal that the amount in controversy exceeds $75,000, exclusive of interest and costs (*see generally* ECF No. 1);

WHEREAS, the plaintiff in *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463 (6th Cir. 2019), claimed in his state-court complaint that his alleged damages did not exceed $75,000, but Kentucky Rules of Civil Procedure 8.01(1)(a) and (2)—which are analogous to Mich. Ct. R. 2.111(B)(2) (*see* ECF No. 1, PageID.7-8)—did not allow the plaintiff to cap his damages and did not create a barrier to the federal court's jurisdiction (*see Heyman*, 781 F. App'x at 469);

---

[1] Under section 1332(a), district courts may exercise diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. §1332(a).

2

WHEREAS, notwithstanding that "[t]he question of jurisdiction 'is determined at the time of removal'" (*Heyman*, 781 F. App'x at 468 (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007)), and notwithstanding that "'a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court'" (*id.* at 469 (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)), the Sixth Circuit has explained that

> federal courts recognizing the pleading limitations placed upon Kentucky plaintiffs have held that, *after removal to federal court*, "[a] plaintiff may stipulate to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the amount in controversy *for the first time*.'" *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (emphasis added) (quoting *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). *See also* 28 U.S.C. §1446(c)(2) (If "the State practice … does not permit demand for a specific sum … removal of the action is proper … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). In such a situation, the stipulation by the plaintiff is not deemed a postremoval change in the prayer for relief but merely a *clarification* of the plaintiff's intent. *Egan*, 237 F. Supp. 2d at 778. "[O]nly an unequivocal statement and stipulation limiting damages will serve this purpose," however. *Id.* "To merely say that one will not accept money in excess of certain amount limits neither the judgment nor the demand." *Id.* Indeed, Kentucky Rule of Civil Procedure 54.03 provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings*."[2] (Emphasis added.) [*Heyman*, 781 F. App'x at 469-70 (footnote added).];

---

[2] The relevant Michigan Court Rule, Mich. Ct. R. 2.601(A), is identical to the Kentucky analogue and states, in part, that "every final judgment may grant the relief

3

WHEREAS, in *Total Quality Logistics, LLC v. Summit Logistics Group, LLC*, the Southern District of Ohio recently explained that

> ***[a] plaintiff desiring remand in th[e situation described] has two options. First, the plaintiff can respond to the removal by stipulating in the federal court action that the amount in controversy is less than the jurisdictional amount. So long as the stipulation is clear that the plaintiff is not seeking, and will not accept, more than $75,000, that stipulation is binding, and thus deprives the federal court of subject matter jurisdiction.* See Heyman*, 781 F. App'x at 469-70.*** Second, the plaintiff can move for remand, disputing the allegation in the removal papers regarding the jurisdictional amount. If the plaintiff opts for this latter course, the defendant, as the party seeking to keep the matter in federal court, then has the burden of showing, by a preponderance of the evidence, that the jurisdictional amount is met. *See* 28 U.S.C. §1446(c)(2)(B). [*Total Quality Logistics*, No. 1:20-cv-519, 2020 WL 6075712, *3 (S.D. Ohio Oct. 14, 2020) (footnote omitted; emphasis added).]

WHEREAS, the relevant Kentucky rules are analogous if not identical to the Michigan Court Rules (*compare* Ky. R. Civ. P. 8.01(1)(a) and (2) *with* Mich. Ct. R. 2.111(B)(2) and Ky. R. Civ. P. 54.03 *with* Mich. Ct. R. 2.601(A)), and, therefore, *Heyman* is instructive, as is *Total Quality Logistics*;

WHEREAS, pursuant to and consistent with *Heyman*, 481 F. App'x at 469-70, Plaintiff's first filing in this Court was his Stipulation as to Damages (ECF No. 7), which "clarified" Plaintiff's intent regarding his claim for damages (*Heyman*, 481 F. App'x at 470);

---

to which the party in whose favor it is rendered, even if the party has not demanded that relief in his or her pleadings."

WHEREAS, Plaintiff's Stipulation as to Damages (ECF No. 7) constitutes his first expression of damages and is otherwise an unequivocal statement limiting damages to below the $75,000 amount in controversy, thereby depriving this Court of its subject matter jurisdiction (*see* 28 U.S.C. §1332(a); *see also Total Quality Logistics*, 2020 WL 6075712 at *3);

NOW, THEREFORE, the Court being fully advised;

IT IS HEREBY ORDERED that, in view of the Sixth Circuit's decision in *Heyman* and cases cited therein, along with *Total Quality Logistics*, *supra*, Plaintiff's Stipulation as to Damages (ECF No. 7) was his first postremoval filing, and it unequivocally clarified that the damages he is seeking in this action are less than the $75,000 amount in controversy prescribed in 28 U.S..C §1332(a);

IT IS FURTHER ORDERED that based on the Stipulation as to Damages (ECF No. 7), the Court is deprived of its subject matter jurisdiction pursuant to 28 U.S.C. §§1332(a) and 1441;

AND, THEREFORE, this action is hereby remanded to the Wayne County (Michigan) Circuit Court.

IT IS SO ORDERED.

Date: September 6, 2024                              s/Judith E. Levy
                                                     JUDITH E. LEVY
                                                     United States District Judge

STIPULATED AND APPROVED FOR IMMEDIATE ENTRY BY:

                                                     TAFT STETTINIUS & HOLLISTER LLP

/s/ Peter J. Parks (w/ consent)
Peter J. Parks (P30107)                              /s/ Scott R. Torpey
*Attorney for Plaintiff*                             Scott R. Torpey (P36179)
612 E. 4th Street, Ste. 100                          Derek D. McLeod (P66229)
Royal Oak, MI  48067                                 *Attorneys for Delta Air Lines, Inc.*
(248) 458-0800/(248) 733-4148                        27777 Franklin Rd., Ste. 2500
peterjparks.esq@gmail.com                            Southfield, MI  48034-8214
                                                     (248) 351-3000
Dated: September 4, 2024                             (248) 351-3082 fax
                                                     storpey@taftlaw.com
                                                     dmcleod@taftlaw.com

                                                     Dated: September 4, 2024